LÓPEZ, PLAINTIFF AND APPELLANT, *v.* SÁNCHEZ, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Humacao in an Action to Enforce a Contract and for Damages.

No. 1271.—Decided June 4, 1915.

CONTRACT—AGENT—EVIDENCE—PLEADING.—Proof that a contract was made through an agent will sustain an allegation that it was made by the principal, for the acts of the agent should be considered as the principal's own acts.

ID.—AGENT—EVIDENCE—PRESUMPTION.—The agent and not the principal is the one to furnish the best evidence of the existence of the contract entered into by the former, for his testimony is necessarily of greater importance than that of his principal; therefore in the case at bar the lower court erred in holding that there was no evidence of the existence of the contract because the plaintiff did not testify and that his failure to testify when he was able to do so should be held to raise a presumption against him.

ID.—EVIDENCE—PRESUMPTION.—On motion for nonsuit, whatever the evidence is sufficient to prove in favor of the plaintiff must be considered as established; in other words, when such a motion is made the truth of the evidence tending

to support the plaintiff's case must be presumed and must be regarded in the light most favorable to him,—that which the evidence tends to show must be taken as proved.

The facts are stated in the opinion.

*Messrs. Rafael Arce Rollet* and *Manuel Tous Soto* for the appellant.

*Mr. Juan B. Huyke* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiff, Gregorio López Falcó, from a judgment rendered by the District Court of Humacao on July 29, 1914, sustaining a motion for nonsuit made by the defendant, José Sánchez, and therefore dismissing the complaint with the costs against the plaintiff.

The case was first tried in the Municipal Court of Caguas and then *de novo* on appeal in the District Court of Humacao, and the complaint, which is dated October 10, 1913, contains the following allegations besides that regarding the capacity of the parties.

I. That on or about October 8, 1913, the plaintiff entered into a verbal contract of purchase and sale with defendant José Sánchez by which the defendant agreed to deliver to the plaintiff three lots of tobacco of good quality and suitable for the manufacture of cigars, the first lot consisting of six bales, No. 1, weighing 321 pounds net at $18 per hundred pounds, or $77.58; the second of fourteen bales, No. 2, weighing 1,033 pounds net at $14 per hundred pounds, or $144.62, and the third of seven bales, No. 3, weighing 450 pounds at $14 per hundred pounds, or $63; the three lots aggregating a total of $285.20.

II. That the work of classifying, packing, weighing, and calculating the price of said lots of tobacco was performed by Manuel Señeris as the representative of the plaintiff, with the absolute approval of the defendant, to whom the plaintiff delivered in payment a check for the said amount of

$285.20 on the Commercial Bank of Porto Rico in favor of José Sánchez.

III. That the defendant has not delivered the said tobacco or any part thereof to Manuel Señeris, to the plaintiff or to any person in his name, notwithstanding the fact that demands have been made upon him therefor.

IV. That the defendant's action has compelled the plaintiff to incur expense and has deprived him of the use and free disposal of the tobacco, thereby causing him damages which he estimates reasonably at not less than $150.

The complaint concludes with the prayer that the court render judgment ordering the defendant to deliver to the plaintiff within two days the twenty-seven bales of tobacco in the same condition and of the same weight as when the contract was made or, in default thereof, to return the $285.20 which he received, with lawful interest thereon from the date the complaint was filed until the amount is fully paid; and further, to pay to the plaintiff the sum of $150 as damages, with lawful interest thereon during the said time, and the costs and disbursements accruing in the action.

In the answer to the complaint the defendant denied each and all of the allegations thereof and as new matter of defense alleged:

1. That on September 29, 1913, the defendant sold to The Plantations Company, represented by its duly authorized manager, Gregorio López Falcó, three lots of leaf tobacco consisting of two lots of hands at $14 and another lot of stripped tobacco at $18 per hundred pounds, this being the same tobacco to which the contract refers.

2. That the defendant received $285.25 on account and the said corporation owed him $160.80.

3. That the defendant filed a complaint in the office of the secretary of the District Court of Humacao to recover from The Plantations Company the amount due and the damages caused him.

4. That the plaintiff, Gregorio López Falcó, cannot trans-act business in his own name or in the name of any other person, as his character of manager of the said corporation forbids him from so doing.

The plaintiff moved to strike from the defendant's answer the facts alleged as matter of defense and the motion was overruled.

The case went to trial and after the plaintiff had rested the defendant announced that he would move for nonsuit, but before he did so the plaintiff moved for leave to amend the first allegation of the complaint to the effect that the contract had been entered into through the agency of Manuel Señeris, thus harmonizing the evidence with the allegations. The court overruled the motion and thereupon the defendant moved for a nonsuit on the ground that the complaint alleged that the plaintiff made a verbal contract with the defendant, while the evidence showed that Manuel Señeris made the transaction, for which reason the complaint should be dismissed for lack of proof of the principal allegation on which it was based.

The motion for nonsuit was sustained and, as a consequence, the complaint was dismissed by the court in its judgment of July 29, 1914, which, as stated, the plaintiff appealed from.

The attorney for appellant Gregorio López Falcó alleges as grounds of appeal the following errors of the court:

1. In sustaining the defendant's motion for nonsuit;

2. In overruling the plaintiff's motion for leave to amend the complaint;

3. In overruling the motion to strike out the new matter of defense alleged in the answer to the complaint.

In order to consider the first ground of appeal, we must examine the evidence which the plaintiff introduced at the trial, consisting of the testimony of witnesses Manuel Señeris, Rafael Sevilla Ruiz, Eugenio L. Martín and Rafael Arce Rollet.

Manuel Señeris testified that about the year 1913 he acted as middleman in the purchase of some tobacco by the plaintiff from the defendant; that about October 8 of the said year the plaintiff commissioned him to negotiate for and receive a lot of tobacco from José Sánchez, it being classified, packed, marked and weighed with the result that it amounted to twenty-seven bales, six of No. 1, fourteen of No. 2, and seven of No. 3, totaling 1,914 pounds; that the price agreed upon for the tobacco was $18 per hundred pounds for the No. 1, and $14 for the Nos. 2 and 3; that he handed Sánchez a memorandum of the account so that he might collect the value of the tobacco, which memorandum Sánchez kept; that the plaintiff did not receive the tobacco because Sánchez refused to deliver it; that he made the transaction as agent for Gregorio López for whom the tobacco was intended; that previously Gregorio López and José Sánchez negotiated a tobacco deal which was not carried out because, after packing six or seven bales, Sánchez repented of the transaction; that for this reason a few days later Sánchez asked him to try to arrange the transaction with Gregorio López, which he did under the instructions and as agent of the latter, the transaction with Sánchez resulting in the terms already stated.

Rafael Sevilla Ruiz testified that he was the bookkeeper of Gregorio López Falcó, of the Plantations Company, and of the West Indies; that he was present when López Falcó paid José Sánchez a sum of money for certain tobacco about the year 1913; that José Sánchez brought to the office of The Plantations Company a memorandum made by Manuel Señeris relative to a lot of tobacco which he had purchased from Sánchez and López Falcó told the witness to pay the amount of said memorandum and he did só by making out a check in favor of Sánchez for $285.20 which López Falcó signed personally; that the stubs of the checks of The Plantations Company and those of. López Falcó are different and of different size; that Gregorio López Falcó also signs the checks of the said corporation as he is its representative; that when the

said company does not purchase tobacco López Falcó can buy
it on his own account, and that in the year 1913 the company
did not transact any business in tobacco.

Eugenio L. Martín testified that he had a business arrange-
ment with Gregorio López Falcó regarding some tobacco
which López Falcó had purchased from José Sánchez, which
transaction never materialized because Sánchez refused to
deliver the tobacco to López Falcó and the latter was unable,
therefore, to make delivery to the witness.

Rafael Arce Rollet testified that as attorney for Gregorio
López he took steps to have José Sánchez deliver to López
Falcó some tobacco which the latter had bought from him,
but Sánchez refused because he had some tobacco of an in-
ferior quality which he desired López to buy, although it was
not included in the transaction and the deal fell through, but
it was made later by Señeris by order of López Falcó.

The evidence introduced by the plaintiff, a brief extract
of which we have made above, tends to prove the fundamental
allegations of the complaint, namely, that the plaintiff and the
defendant entered into a contract for the purchase and sale
of certain bales of tobacco and Señeris took part in the trans-
action by order and authority of Gregorio López, classifying
and weighing the tobacco and arranging the price with Sán-
chez; that the said price, which amounted to $285.20, was
paid to Sánchez by a check bearing the personal signature of
López Falcó, and that the tobacco purchased was not deliv-
ered to the plaintiff.

It does not appear from the evidence that the contract on
which the action was brought was entered into personally and
directly by the plaintiff with the defendant, but that Manuel
Señeris, under instructions and by order of the plaintiff, nego-
tiated with the defendant and closed the said contract with
him.

Señeris acted at the request and for account of López
Falcó and under his verbal instructions, therefore he was his
actual agent, according to sections 1611 and 1612 of the Civil

Code. The contract of purchase and sale between the plaintiff and the defendant was perfected by the consent of the contracting parties, which consent the defendant gave in his own name and the plaintiff through his agent or attorney in fact, Manuel Señeris.

It is immaterial for the purposes of the action that the plaintiff alleged in the complaint that he had entered into the verbal contract of purchase and sale whose fulfilment is demanded, when it results from the evidence that the said contract was perfected and closed by Manuel Señeris at the request and by order of the plaintiff. The contract was really made by the plaintiff with José Sánchez, for the acts of the agent should be considered as the principal's own acts.

"Proof of a contract made through the medium of an agent will sustain an allegation that it was made by the principal." 9 Cyc., 756.

"Where the contract may be directly charged as that of the principal, evidence that it was made by his duly authorized agent does not constitute variance." 16 Encyclopedia of Pleading and Practice, 903.

The lower court erred in finding that there was no evidence introduced of the existence of the contract because the plaintiff, who alleged in the complaint that he had entered into a verbal contract with the defendant, did not testify and that his failure to testify when he was able to do so should be held to raise a presumption against him.

As we have said, Manuel Señeris made the contract in the name of Gregorio López Falcó, therefore his testimony was necessarily of greater importance at the trial than that of his principal, López Falcó. Señeris and not Falcó was the one to furnish the best evidence.

We are of the opinion that the allegations of the complaint are sustained by the preponderance of the evidence and that therefore the lower court erred in sustaining the motion for nonsuit.

"On motion for nonsuit, whatever the evidence is sufficient to prove in favor of the plaintiff must be considered as established; in other words, when such motion is interposed, the truth of the evidence tending to support the plaintiff's case must be assumed and must be regarded in the light most favorable to him,—that which the evidence tends to show must be taken as proved. This well-settled rule has been repeatedly declared and applied by this court." *Cummings* v. *H. & L. S. & R. Co.,* 26 Mont., 441.

It is not necessary to examine the second and third grounds of appeal, for whether the errors therein set out have been committed or not, they would have no influence on the decision of this appeal, in which the real question to be decided is whether the lower court committed error in dismissing the complaint for lack of evidence to sustain its allegations.

The evidence introduced at the trial was sufficient to justify the overruling of the motion for nonsuit, therefore the judgment appealed from should be reversed and the trial proceeded with according to law.

*Judgment reversed and case remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.